(Reap. Dec. 9305)

R. J. SAUNDERS & Co., INC. *v.* UNITED STATES

Entry No. 772094.

(Decided January 28, 1959)

*Jordan & Klingaman* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The proper dutiable value for appraisement purposes of certain radio tubes imported from Holland is before the court for determination.

By stipulation of the parties hereto, it has been agreed that the merchandise in question, consisting of "4000 EM81/6DA5 tubes," was erroneously invoiced, entered, and appraised at $1.20 each. It was further stipulated and agreed that, on or about the date of exportation of the involved merchandise, such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for home consumption therein or for export to the United States, and that such or similar merchandise was not, at the aforesaid time and under the aforesaid conditions, freely offered in the United States for sale for domestic consumption therein.

It was further stipulated and agreed that the cost of materials and fabrication, manipulation, or other process employed in manufactur-

ing or producing such or similar merchandise, at the time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or the production thereof in the usual course of business, plus the usual expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the cost of fabrication, manipulation, and general expenses) equal to the profit which is ordinarily added to merchandise of the same general character by manufacturers and producers in the country of manufacture who are engaged in the production or manufacture of merchandise of the same class or kind, equals 34 cents each.

Upon the agreed facts of record, I find and hold that cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930 (19 U.S.C. §1402(f)), is the proper basis of value for the radio tubes in issue and that said value is 34 cents each.

Insofar as the appeal for a reappraisement relates to any other merchandise, it is dismissed.

Judgment will issue accordingly.